**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> SOUTH SIDE SERVICE, INC., JOHN WILLIAMS, JESSICA GOODWIN, SCOTT GOODWIN, individually and as guardian and next friend of JESSICA GOODWIN, SAMUEL E. DETAMORE, and SHARON DETAMORE, <br><br> Defendants. | CAUSE NO. 1:17-cv-378 |

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes now Plaintiff, UNITED SPECIALTY INSURANCE COMPANY ("United"), by counsel, and hereby files its Complaint for Declaratory Judgment, and in furtherance thereof states as follows:

1.     United is now and has been at all times relevant hereto been a Delaware corporation with its principal place of business in City of Fort Worth, State of Texas, and is therefore a citizen of either Delaware or Texas.

2.     Defendant SOUTH SIDE SERVICE, INC. ("South Side") was at all times relevant hereto company registered under the laws of the State of Indiana, with its principal place of business in Huntington, Huntington County, State of Indiana, , and is therefore a citizen of Indiana.

3.     Defendant JOHN WILLIAMS is now and has been at all times relevant hereto a resident of Huntington, Huntington County, State of Indiana, and is therefore a citizen of Indiana.

4. Defendant JESSICA GOODWIN is now and has been at all times relevant hereto a resident of Huntington County, State of Indiana, and is therefore a citizen of Indiana.

5. Defendant SCOTT GOODWIN, individually and as guardian and next friend of JESSICA GOODWIN, is now and has been at all times relevant hereto a resident of Huntington County, State of Indiana, and is therefore a citizen of Indiana.

6. Defendant SAMUEL E. DETAMORE is now and has been at all times relevant hereto a resident of Warren, Huntington County, State of Indiana, and is therefore a citizen of Indiana.

7. Defendant SHARON DETAMORE is now and has been at all times relevant hereto a resident of Warren, Huntington County, State of Indiana, and is therefore a citizen of Indiana.

## JURISDICTION AND VENUE

8. This Court has jurisdiction to hear this case under 28 U.S.C. § 1332, *et seq.,* based upon diversity of citizenship of the parties.

9. The amount at issue in controversy between the parties exceeds $75,000.00, exclusive of interest and costs.

10. This Court has jurisdiction to hear the subject matter of this lawsuit and declare the rights and interests of the parties under 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

11. Venue is proper in this Court under 28 U.S. Code § 1391 (b) (1), because one or more of the named defendants is a resident of the State in this district.

## FACTUAL ALLEGATIONS

**The Goodwin Action**

12. On November 23, 2016, defendants Jessica Goodwin and Scott Goodwin (the "Goodwins") filed a lawsuit against South Side, John Williams, Samuel Detamore, and Sharon

Detamore (collectively the "Underlying Defendants", titled *Goodwin v. Detamore, et al.,* in the Hungtington County Circuit Court, Cause No. 35C01-1611-CT-000657 (the "Goodwin Action"). (A true and correct copy of the Complaint filed in the Goodwin Action is attached hereto and made a part hereof as Exhibit A.)

13.     In the Goodwin Action, the Goodwins allege that on December 28, 2014, Jessica Goodwin was injured while a passenger in a vehicle driven by Samuel Detamore.

14.     The complaint alleges that Sharon Detamore was the owner of the vehicle involved in the accident.

15.     The complaint further alleges that the accident was caused by a defect in a Wrangler Tire that became deflated and caused or contributed to Samuel Detamore to lose control of the vehicle, resulting in the accident.

16.     The complaint alleges that the allegedly defective tire was a used tire that had been "negligently patched and/or sold and/or placed into the stream of commerce" by John Williams and South Side.

17.     The complaint further alleges that John Williams and South Side "negligently designed, produced, and manufactured the tire patch" in the used tire that was sold to Sharon Detamore and placed on the vehicle involved in the accident.

18.     As against John Williams and South Side, the Goodwins allege counts of negligence and strict liability pursuant to I.C. 34-20-1-1, et al., and seek compensatory and punitive damages for Jessica Goodwin's injuries and Scott Goodwin's loss of consortium claims.

**The United Specialty Policy**

19.     United Specialty issued a Commercial Lines Policy, number USA 4049289, to South Side Service, Inc. for the period December 15, 2014 to December 15, 2015 (the "United

Specialty Policy"). (A certified copy of the United Specialty Policy is attached hereto and made a part hereof as Exhibit B.)

20. The United Specialty Policy provides liability coverage for "Garage Operations," which provides, in pertinent part, that United Specialty will "pay all sums an 'insured' legally must pay as damages because of 'bodily injury'…caused by an 'accident' and resulting from 'garage operations….'"

21. The United Specialty Policy also contains Endorsement Form No. CAG 1901 0314, titled "SPECIAL EXCLUSIONS AND LIMITATIONS ENDORSEMENT," which modifies the policy as follows:

> A. The following exclusions are added to Section II Liability Coverage, paragraph B., Exclusions.
>
> This insurance does not apply to:
> **Criminal Fines, Punitive, Exemplary, Treble Damages or Multipliers of Attorneys' Fees**
>
> **a.** Criminal fines or penalties imposed by law or regulation; or
> **b.** Claims or demands for payment of punitive, exemplary or treble damages whether arising from the acts of any "insured" or by anyone else for whom or which any "insured" is legally liable; including any multiplier or attorney's fees statutorily awarded to the prevailing party.
>
> **Tires**
>
> **a.** "Bodily injury" or "property damage" arising out of or resulting from:
>     **1)** *The sale, installation or repair of used, recapped or retread tires;* or
>     **2)** Tires which, at the time of sale, are older than recommended by manufacturer's guidelines; or
>     **3)** Tires that have been recalled; or
>     **4)** The inspection or lack of inspection of any tires; or
>     **5)** The failure of any "insured" or anyone else for whom any "insured" is or could be held liable to issue warnings relating to the condition of any tires; or
>     **6)** Any other cause of action or chain of events arising out of or as a result of a.(1), a.(2) or a.(3) above.

**b.** We shall have no duty to defend or indemnity any claim, demand, "suit", action, litigation, arbitration, alternative dispute resolution, or other judicial or administrative proceeding seeking damage, equitable relief or administrative relief of any actual or alleged injury described in item a. above.

(See Ex. B, pp 43-50) (emphasis added)

22.    United Specialty is currently defending Williams and South Side in the Goodwin Action subject to a reservation of rights.

## COUNT I: DECLARATORY JUDGMENT

23.    The United Specialty Policy provides Garage Liability coverage, which is subject to certain exclusions in the policy, including those exclusions set forth in the Special Exclusions and Limitations Endorsement.

24.    The United Specialty Policy excludes claims for payment of punitive, exemplary or treble damages.

25.    Jennifer Goodwin and Scott Goodwin have, in the Goodwin Action, asserted claims against Williams and South Side for punitive, exemplary, and/or treble damages, which are not covered under the United Specialty Policy.

26.    The United Specialty Policy also excludes claims for bodily injury resulting from the sale, installation, or repair or used, recapped, or retread tires.

27.    Jennifer Goodwin and Scott Goodwin have, in the Goodwin Action, asserted claims against Williams and South Side for bodily injury resulting from the sale, installation, or repair or used, recapped, or retread tires, which are not covered under the United Specialty Policy.

28.    Accordingly, the Goodwins' claims and the Goodwin Action are not covered under the United Specialty Policy.

29.    Because the Goodwin Action is not covered under the United Specialty Policy, United Specialty is not obligated to defend South Side and/or Williams in the Goodwin Action.

30.    Because the Goodwin Action is not covered under the United Specialty Policy, Farm Bureau is not obligated to pay any indemnity for any judgment or settlements obtained by the Goodwins against South Side and/or Williams in the Goodwin Action.

31.    Jessica Goodwin, Scott Goodwin, Samuel Detamore, and Sharon Detamore, as the plaintiffs and co-defendants in the Goodwin Action respectively, are indispensable parties to this litigation, and should be bound by any determination with regard to insurance coverage under the United Specialty Policy made herein.

WHEREFORE, United Specialty Insurance Company prays that this court enter judgment as follows:

1.    Declaring that United Specialty Insurance Company has no obligation to defend or indemnify South Side Service, Inc. in the Goodwin Action, or to pay any judgment or settlement on behalf of South Side Service, Inc. in connection therewith;

2.    Declaring that United Specialty Insurance Company has no obligation to defend or indemnify John Williams, individually or in his capacity as a representative of South Side Service, Inc., in the Goodwin Action, or to pay any judgment or settlement on behalf of John Williams in connection therewith;

3.    Declaring that United Specialty Insurance Company may withdraw from the defense of South Side Service, Inc., and John Williams in the Goodwin Action;

4.    Declaring that Jessica Goodwin, Scott Goodwin (individually and as guardian and next friend of Jessica Goodwin), Samuel E. Detamore, and Sharon Detamore are equally bound by the determination and judgment of the Court in this declaratory judgment action;

5.      That United Specialty Insurance Company is entitled to compensation for costs of

this action; and

6.      For all other proper relief in the premises.

LEWIS WAGNER, LLP


By s/Meghan E. Ruesch
    JOHN C. TRIMBLE, #1791-49
    MEGHAN E. RUESCH, #32473-49
    Counsel    for    Plaintiff    United    Specialty
    Insurance Company